IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MICHAEL C. FREEMAN,**

    Plaintiff,

vs.                                                                   Case No. 4:04cv411-RH/WCS

**STATE OF FLORIDA,
DEPARTMENT OF CHILDREN
AND FAMILIES,**

    Defendant.

_____/

**O R D E R**

Plaintiff has filed a motion to compel discovery. Doc. 32. Defendant has filed an amended response. Doc. 38.

Several observations are needed at the outset to explain the decisions I have made. The motion to compel and the response often do not provide me with enough information to adjudicate the motion. As to a number of requests, Defendant states that it has furnished the documents requested. Whether this occurred before or after the motion to compel was filed cannot be determined. It would appear that some of the production of documents was caused by the filing of the motion, however. Also,

whether Plaintiff believes that some of the documents still have not been produced cannot be determined since Plaintiff has not sought leave to file a reply. In most cases I will assume that Defendant's response is accurate, mooting a lot of the motion to compel. If this is not true, Plaintiff may file a second motion to compel as to unresolved matters.

It is also noted that in response to a number of the requests to produce, Defendant objected that the requests were overly broad, unduly burdensome, and sought irrelevant information. This is not an effective objection. "[I]ntoning the 'overly broad and burdensome' litany, without more, does not express a valid objection." Mead Corporation v. Riverwood Natural Resources Corporation, 145 F.R.D. 512, 515 (D. Minn. 1992). Conclusory recitation of "expense and burdensomeness" without specificity provides no basis for the court to order limitations upon the discovery sought pursuant to Rule 26(b)(2). Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1550 (11th Cir. 1985); McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990).

> Broad-based, non-specific objections are almost impossible to assess on their merits, and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request. . . . An objection to an interrogatory or document request must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is "overly broad and burdensome" or "oppressive" or "vexatious" or "not reasonably calculated to lead to the discovery of admissible evidence."

Harding v. Dana Transport, Inc., 914 F.Supp. 1084, 1102 (D. N.J. 1996) (and cases cited, citations omitted). The breadth of a discovery request, or the relevance, cannot be determined without examining the issues in the suit and comparing those to the

information sought. Burden cannot be determined without knowing how the documents are organized, how many there are, and where they are kept.

Defendant next said it would produce the documents subject to its general objections  It is improper to make a general objection unconnected to specifics and then state that some documents will be produced subject to that objection. The party who seeks the discovery then has no objective criteria to determine what has been withheld and has no reasonable basis for attempting to settle the dispute with the other party without court intervention. This practice leaves the court in the dark as well.

I will assume, however, that despite the objections lodged, when Defendant said it would produce documents, it has indeed produced all of the documents and has not withheld any due to some objection. If that is not the case, Defendant has the responsibility to Plaintiff and this court to specify the documents withheld and state specifically why the documents were withheld.

**First Requests for Production, Requests 2, 4, 15, 19, 24, 25, 27, 28, 37, 42, 43,**

Defendant states in its response that it has provided the documents sought in these requests, will soon provide them, or that the documents do not exist. It is assumed that this moots the motion to compel as to these request. The motion to compel is denied as to these requests.

**First Requests for Production, Request 5**

Neither party has provided the court with sufficient information to adjudicate the dispute concerning request 5. Defendant states that it would be too burdensome to review communications with all persons in Plaintiff's same work unit for the period June 1, 2003, to July 2, 2004 (the more limited period set by Plaintiff), and offers to respond if

Plaintiff will provide the assignment and the employee.  I cannot tell if this request is too burdensome because Defendant has not explained how many employees are covered by the request as worded.

At the same time, I cannot tell whether it is reasonable for Defendant to ask that Plaintiff specify which employees might be comparable to Plaintiff.  Defendant's counter offer is facially reasonable.  Plaintiff must know with whom he worked.  Since the ultimate burden of persuasion is upon Plaintiff, this aspect of the motion to compel will be denied.

**First Requests for Production, Request 8**

Defendant states that it has complied with this request as worded.  It is Defendant's position that Ball, Draughton, and Rousseau were not covered by the request as worded.  Plaintiff has not shown that this is untrue.  This aspect of the motion to compel will be denied.

**First Requests for Production, Requests 12, 26, 40, 41, 50, 51, 53, 54, 55, and 56**

Defendant states that after further negotiations with Plaintiff, a more limited period for these emails has been agreed upon and that Defendant will soon produce the emails after screening for privacy issues and relevance to Plaintiff's employment with Defendant.  Under the assumption that the motion is moot as these requests, this aspect of the motion to compel is denied.  Defendant must, however, be guided by my rulings as to relevance which follow.

**First Requests for Production, Request 44**

Defendant states that it has produced the personnel files of each employee named except for Ms. Mabile.  It appears that the motion is moot as to those

employees.  Defendant objects that Mabile's file will not lead to relevant evidence as she last supervised Plaintiff in early 2003, and this was before Plaintiff was transferred into the Unit.  Plaintiff did not mention Mabile in the motion to compel, and it will be assumed that her file is not needed.  If this is incorrect, Plaintiff may file additional argument.  For these reasons, the motion to compel is denied as to this request.

**First Requests for Production, Request 57**

While Defendant originally said it would produce the documents, it now states that no such documents exist.  The motion is denied as moot as to this request.

**First Requests for Production, Request 59**

Plaintiff asked for all job descriptions of all employees in the Partner's Unit.  In the motion to compel, Plaintiff states he only seeks the job descriptions for Wilma Lefler.  If that is the case, Plaintiff should have said so originally.  Defendant objects this seeks irrelevant information.  This is not persuasive.  Plaintiff claims that he was unfairly given tasks not in his job description and that he was treated differently from similarly situated employees.  The motion to compel is granted as to request 59.

**First Requests for Production, Request 60**

Defendant asserts that it has produced some of the job evaluations, including those for Ransdell, but argues that evaluations for employees "employed in the Unit during the other time periods not at issue in this case are not relevant . . . ."  Plaintiff states he seeks the job evaluations of only O'Brien, Ransdell, and Lefler.  It would appear that Plaintiff has obtained the job evaluations of O'Brien, Ransdell, and Lefler by inspecting their personnel files.  Relying upon that assumption, the motion to compel is denied as moot.

**First Requests for Production, Requests 62 and 63**

The motion to compel is granted as to these requests.  Plaintiff is entitled to explore whether other job assignments were comparable to his assignments.

**First Requests for Production, Requests 68 and 69**

In response to the request for production, Defendant said the request was overly broad, unduly burdensome, and irrelevant.  This is ineffective as discussed above.

Defendant next said it would produce the documents "to the extent that the documents exist related to a reasonable time frame."  This is defective for two reasons.  First, Defendant did not make a counter proposal as to the period it believed to be reasonable.  Defendant has an obligation to resolve this issue without court intervention, and resolution cannot occur unless Defendant provides Plaintiff with the specifics of its objection.  But more fundamentally, as discussed above, it is improper to make a general objection unconnected to specifics and then state that some documents will be produced subject to the objection.

It now appears that Defendant refuses to provide any documents, despite the offer to provide documents for a more limited period of time.  The relevance objection made in the response to the motion to compel is without merit.  Plaintiff is entitled to this discovery so that he may discover whether the deadlines imposed upon him were reasonable.  The motion to compel is granted as to requests 68 and 69.

**First Requests for Production, Request 72**

Defendant represents that these documents have been produced.  The motion to compel as to this is denied as moot.

**First Requests for Production, Request 76**

Defendant represents that except for the emails, for which a privilege log is being prepared, no other documents have been withheld based upon privilege. The motion to compel as to this is denied.

**Second Requests for Production, Requests 4, 19, 21**

Defendant represents that these documents have been produced or that the documents do not exist. The motion to compel as to these is denied as moot.

**Second Requests for Production, Request 7**

The motion to compel is granted as to this request for the reasons discussed above with respect to the First Requests for Production, Requests 62 and 63.

**Second Requests for Production, Request 12**

Defendant objects that production of the personnel files of all employees terminated from January 1, 2002, to date is too broad and burdensome. This is ineffective. It is doubtful that many employees have been terminated, but if the number is so great that production of the files will cause an unreasonable burden for Defendant, it is Defendant's responsibility to make that showing. The files will show why these employees were terminated, and will show whether Plaintiff's termination was different. It may be that the difference, if any, is not probative of Plaintiff's claims, but it could be. The motion to compel is granted as to this request.

**Second Requests for Production, Request 13**

The motion to compel is granted as to this request for the reasons discussed above with respect to the First Requests for Production, Requests 62 and 63.

**Second Requests for Production, Request 15**

Defendant has produced some of these records, and argues that appraisals of other employees are not relevant to Plaintiff's claims.  I cannot tell if Ms. Ransdell supervised employees long before she supervised Plaintiff, and must assume that she did in the absence of argument from Plaintiff.  This request, unlike request 33, is not limited to the period June 1, 2003, through October 31, 2003, the time Plaintiff was in the Unit.  The motion to compel is denied as to this request.

**Second Requests for Production, Request 33**

This request seeks relevant information.  The period is only from June 1, 2003, through October 31, 2003.  Plaintiff was transferred to that Unit in June, 2003.  The motion to compel is granted as to this request.

**Second Requests for Production, Request 34**

This request seeks relevant information.  The period is only from April 1, 2004, through July 31, 2004.  Plaintiff was supervised by O' Brien during this period.  The motion to compel is granted as to this request.

Accordingly, it is **ORDERED** that:

1. Plaintiff's motion to compel, doc. 32, is **GRANTED** as to First Requests for Production, Requests 59, 62, 63, 68, and 69, and Second Requests for Production, Request 7, 12, 13, 33, and 34; the motion is **DENIED** as to First Requests for Production, Requests 2, 4, 5, 8, 12, 15, 19, 24, 25, 26, 27, 28, 37, 40, 41, 42, 43, 44, 50, 51, 53, 54, 55, 56, 57, 60, 72, and 76, and Second Requests for Production, Requests 4, 15, 19, and 21.

2.  On or before **June 20, 2005**, Defendant shall produce for inspection and copying the documents set forth in First Requests for Production, Requests 59, 62, 63, 68, and 69, and Second Requests for Production, Request 7, 12, 13, 33, and 34 which have not yet been produced.

**DONE AND ORDERED** on June 6, 2005.

                                                  s/   William C. Sherrill, Jr.
                                                  **WILLIAM C. SHERRILL, JR.**
                                                  **UNITED STATES MAGISTRATE JUDGE**